IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SENQUARIUS WILLIAMS ) | |
| ) | |
| v. ) | NO: 3:17-1166 |
| ) | |
| EDDRA HAWKINS ) | |

TO: Honorable Aleta A. Trauger, District Judge

## R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered September 5, 2017 (Docket Entry No. 5), this prisoner civil rights action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending is the motion for summary judgment (Docket Entry No. 18) of Defendant Eddra Hawkins. Plaintiff has not responded to the motion. For the reasons set out below, the undersigned Magistrate Judge respectfully recommends that the motion be granted and this action be dismissed.

### I. BACKGROUND

Senquarius Williams ("Plaintiff") is an inmate confined at the Metro-Davidson County Detention Facility ("Detention Facility").[1] On August 17, 2017, he filed this lawsuit *pro se* and *in*

---

[1] It is unclear whether Plaintiff was a pre-trial detainee or a convicted inmate at the time of the relevant events. Plaintiff states in his complaint that he is a pre-trial detainee. *See* Complaint (Docket Entry No. 1) at 1. On the other hand, Defendant Hawkins asserts in both his answer and his motion for summary judgment that Plaintiff is a prisoner of the State of Tennessee. *See* Docket Entry No. 12 at 1 and Docket Entry No. 18 at 1.

*forma pauperis,* seeking relief under 42 U.S.C. § 1983 based on allegations that his constitutional rights were violated at the Detention Facility. Specifically, Plaintiff alleges that while in the staff dining room on February 28, 2017, he was kneed in the rib cage by Detention Facility Captain Eddra Hawkins ("Hawkins" or "Defendant") in a manner that was unnecessary, malicious, and sadistic. *See* Complaint (Docket Entry No. 1) at 5. Plaintiff alleges that he suffered "serious medical injuries to my ribs, back, and surrounding muscles and nerves, as well as mental pain and suffering." *Id*. Plaintiff subsequently amended his complaint to add that Hawkins had kneed him "repeatedly" while Plaintiff was on the ground in handcuffs after being maced by another officer and while he had no way to defend himself. *See* Docket Entry No. 14.

In the order of referral, the Court found that Plaintiff alleged a colorable claim that Hawkins used unconstitutional force against him and directed that process issue to Hawkins.[2] After Defendant Hawkins filed an answer, *see* Docket Entry No. 12, a scheduling order was entered providing for a period of discovery and pretrial activity in the action. *See* Docket Entry No. 13.

## II. MOTION FOR SUMMARY JUDGMENT

On March 9, 2018, Defendant filed the pending motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. He acknowledges that an incident occurred on February 28, 2017, during which physical force was used against Plaintiff. However, Defendant asserts that the use of force was necessary because Plaintiff was engaging in an aggressive and disruptive confrontation with two other Detention Facility officers that eventually led to a chemical agent being

---

[2] Plaintiff's claims against two other defendants named in the complaint were dismissed. *See* Docket Entry No. 5 at 3-4.

sprayed on Plaintiff and Plaintiff physically struggling with a female officer. Defendant contends that the officers physically took Plaintiff to the ground after he refused several orders to stop his behavior and to submit to restraints and that he administered two knee strikes to Plaintiff to contain him. Defendant asserts that Plaintiff eventually stopped physically resisting and was taken to be examined by the medical staff, who noted no injuries to Plaintiff's back, ribs, or thigh. He further asserts that subsequent medical examinations also did not reveal any injuries to Plaintiff as a result of the incident.

Defendant argues that the undisputed facts do not support a claim that he used unconstitutionally excessive force against Plaintiff because the force used was limited, reasonable, and no more than was necessary under the circumstances. He further argues that the undisputed facts show that Plaintiff suffered only a *de minimis* injury, which prevents him from recovering damages for mental or emotional injury under 42 U.S.C. § 1997e(e) and also weighs against a finding that constitutionally excessive force was used against him. In support of his motion, Defendant relies upon his own declaration (Docket Entry No. 21), as well as the declaration of Dr. James Bridges (Docket Entry No. 20), the declaration of Detention Facility Officer John Rychen (Docket Entry. 22), and a statement of undisputed material facts (Docket Entry No. 23).

Plaintiff was notified of the motion, advised of the potential consequence of not filing a response, and given a deadline of April 30, 2018, to file a response. *See* Order entered March 15, 2018 (Docket Entry No. 24). To date, no response has been filed by Plaintiff.

3

Case 3:17-cv-01166   Document 25   Filed 05/22/18   Page 3 of 9 PageID #: 103

### III. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

## IV. ANALYSIS

A. The Applicable Constitutional Standards

Plaintiff's status as either a pre-trial detainee or a convicted inmate on February 28, 2017, determines the constitutional underpinning for his claim and the appropriate constitutional standard that applies. Because neither party has clearly shown whether Plaintiff was a pre-trial detainee or a convicted inmate at the relevant time, the Court sets out the standards for both scenarios.

The Fourteenth Amendment protects a pretrial detainee from the use of excessive force that amounts to punishment. *Kingsley v. Hendrickson*, __ U.S. __, 135 S.Ct. 2466, 2473, 192 L. Ed. 2d 416 (2015). Such punishment can consist of actions taken with an "expressed intent to punish" or, in the absence of an expressed intent to punish, actions that are not "rationally related to a legitimate nonpunitive governmental purpose" or that "appear excessive in relation to that purpose." *Id*. at 2473 (citing *Bell v. Wolfish*, 441 U.S. 520, 538 and 561, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979)). In reviewing whether unconstitutional excessive force has occurred, the Supreme Court clarified that the inquiry focuses on whether the force used against a pretrial detainee was "objectively unreasonable." *Id*.

The Eighth Amendment prohibits the wanton and unnecessary infliction of pain upon a prison inmate, *Whitley v. Albers*, 475 U.S. 312, 319-20, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986), and the unjustified infliction of bodily harm upon a prisoner by a prison guard gives rise to a claim under 42 U.S.C. § 1983. *Caldwell v. Moore*, 968 F.2d 595, 599 (6th Cir. 1992); *Franklin v. Aycock*, 795 F.2d 1253, 1258 (6th Cir. 1986). An Eighth Amendment claim requires proof of a level of objective severity and of a level of mental culpability on the part of the defendant. *Moore v. Holbrook*, 2 F.3d 697, 700 (6th Cir. 1993). Objectively, the Plaintiff must show that he was subjected to an action that

5

rises to the level of constitutional magnitude. *See Hudson v. McMillian*, 503 U.S. 1, 9-10, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). As to the subjective component, the Supreme Court held in *Whitley* that "the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether the force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" 475 U.S. at 320-21 (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.), *cert. denied*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973)); *Hudson*, 503 U.S. at 6-7.

B. Merits of Plaintiff's Claim of Excessive Force

Although Plaintiff's allegations were sufficient to permit his claim against Defendant to survive initial review, he may not rely solely upon the allegations of his pleadings at this stage of the proceedings. After review of the record before the Court, the undersigned finds that summary judgment should be granted to Defendant.

When a motion for summary judgment is properly supported under Rule 56, such as Defendant's motion, the non-moving party may not merely rest on the allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact that requires that the action proceed to trial. *See Celotex Corp.*, 477 U.S. at 323-24; *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002); *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989). As the Sixth Circuit has noted, when a defendant files a motion for summary judgment, the plaintiff is challenged to "put up or shut up" on critical issues. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). Plaintiff's *pro se* status

6

does not relieve him of this obligation, which is a threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. *Sixty Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987).

Plaintiff has not satisfied this threshold obligation. He has not responded to the motion for summary judgment, has not rebutted Defendant's evidence or arguments, and has not supported his claims with any actual evidence. Additionally, he has not specifically responded to Defendant's Statement of Undisputed Facts, as required by Rule 56.01(c) of the Local Rules of Court. His failure to respond "shall indicate that the asserted facts are not disputed for purposes of summary judgment." Local Rule 56.01(g). Accordingly, the Court is permitted to rely upon the facts set forth by Defendant as the undisputed facts.

The undisputed evidence shows that on February 28, 2017: 1) Plaintiff was involved in an aggressive and violent confrontation with two correctional officers that caused an officer to request emergency assistance over the radio; 2) Plaintiff physically struggled with the officers and threw a metal cart at them; 3) Plaintiff refused repeated verbal orders to cease his behavior and to submit to having restraints placed on him, and he remained non-compliant even after being sprayed with a chemical agent; 4) Defendant responded to the emergency call, witnessed Plaintiff's violent and combative behavior and assisted in taking Plaintiff to the ground to physically restrain him; 5) Plaintiff continued to physically resist the officers and was non-compliant while on the ground; 6) Defendant administered two knee strikes to Plaintiff's thigh in order to gain compliance by Plaintiff; and, 7) Plaintiff eventually was restrained by the officers. The undisputed evidence also shows that: 1) once under control, Plaintiff was taken to be examined by the medical staff, who did not detect any issues with Williams back, ribs, or thigh; and, 2) subsequent medical examinations

7

and testing in response to Plaintiff's complaints did not reveal any injuries to Plaintiff's back or ribs. *See* Defendant's Statement of Undisputed Facts at ¶¶ 1-8.

Given the undisputed facts that are before the Court, there is insufficient evidence from which a reasonable jury could find that Plaintiff's federal constitutional rights were violated by Defendant Hawkins. Under either the Fourteenth Amendment standards or the Eighth Amendment standards, it is clear that a valid penological purpose existed for Defendant's use of force against Plaintiff, who was non-compliant, aggressive, and physically combative, and who was ignoring verbal orders to cease his behavior. It is also clear that the force used was necessary for the purpose of controlling and restraining Plaintiff and was objectively reasonable and measured given the circumstances that existed. The knee strikes[3] administered by Defendant were limited and caused little or no injury to Plaintiff. Plaintiff has offered no proof supporting a claim that Defendant initiated an unprovoked attack on him, as was suggested by Plaintiff in the factual statement set out in the original complaint, and no proof showing that Defendant acted in a manner that was objectively excessive or unreasonable given the circumstances or in a manner that was colored by subjective malice on the part of Defendant. There is simply no evidence supporting a conclusion that the force used against Plaintiff was intended as punishment, was gratuitous, or was objectively excessive and unreasonable. Instead, the only evidence before the Court is that Defendant Hawkins' actions were limited and necessary under the circumstances and caused no appreciable injury to Plaintiff. The undisputed facts show that no constitutional violation occurred.

---

[3] Plaintiff has not provided any supporting evidence rebutting Defendant's assertion that the knee strikes were to Plaintiff's thigh, not his ribs or back. Regardless, given the overall undisputed facts that are before the Court, the factual issue of whether Defendant's knee struck Plaintiff's thigh or struck his back or ribs during the incident does not rise to the level of a genuine issue of material fact that requires resolution at trial.

Given the Court's conclusion that summary judgment is warranted in favor of Defendant Hawkins on the merits of Plaintiff's claim, it is not necessary to address Defendant's alternative argument brought under 42 U.S.C. § 1997e(e).

## RECOMMENDATION

Based on the forgoing, the undersigned Magistrate Judge respectfully RECOMMENDS that the motion for summary judgment (Docket Entry No. 18) of Defendant Eddra Hawkins be GRANTED and that this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.03(b)(1). A failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after being served with a copy of such objections. *See* Federal Rule 72(b)(2) and Local Rule 72.03(b)(2).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge